```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| LISA GEISSLER, | |
| Plaintiff, | |
| v. | HONORABLE JEROME B. SIMANDLE |
| CITY OF ATLANTIC CITY, ATLANTIC CITY POLICE DEPARTMENT, ATLANTIC CITY POLICE OFFICER DARRELL CATANIO, MARINA DISTRICT FINANCE COMPANY, LLC d/b/a BORGATA HOTEL CASINO & SPA | Civil No. 16-792 (JBS/AMD) |
| | **OPINION** |
| Defendants. | |

APPEARANCES:

Jon R. Skolnick, Esq.
Jenntyng Chern, Esq.
LAW OFFICES OF JON RORY SKOLNICK
100 Morris Avenue, Suite 101
Springfield, NJ 07081
    Attorneys for Plaintiff

Tracy L. Riley, Esq.
LAW OFFICES OF RILEY & RILEY
The Washington House
100 High Street, Suite 302
Mount Holly, NJ 08060
    Attorney for Defendants City of Atlantic City, Atlantic
    City Police Department, and Atlantic City Police Officer
    Darrell Catanio

**SIMANDLE**, Chief Judge:

I.   **INTRODUCTION**

Plaintiff Lisa Geissler alleges in this action that while she was a registered guest of the Borgata Hotel and Casino & Spa

in Atlantic City in October of 2014, she was "wrongfully and falsely" accused by Borgata employees of stealing bottles of wine and subsequently "wrongfully and falsely arrested and charged" with defiant trespass by a police officer with the Atlantic City Police Department ("ACPD"). Plaintiff directs this suit against Atlantic City Police Officer Darrell Catanio ("Officer Catanio") and the Marina District Finance Company, LLC d/b/a Borgata Hotel Casino and Spa ("Borgata"), and alleges constitutional violations under 42 U.S.C. § 1983, the New Jersey State Constitution, and the New Jersey Civil Rights Act, in addition to several state tort claims.

Presently before the Court are two motions: Plaintiff's motion for leave to file an amended complaint, under Federal Rule of Civil Procedure 15(a)(2), and a cross-motion to dismiss with prejudice by the City of Atlantic City, the ACPD and Officer Catanio (collectively, the "City Defendants"), under Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Court will grant Plaintiff's motion, deny Defendants' motion as to Officer Catanio, and grant Plaintiff ten days to clarify and file the amended complaint in accordance with the Court's instructions below, including eliminating the City of Atlantic City and the Atlantic City Police Department as defendants.

## II. BACKGROUND

### A. Procedural Background

The City Defendants previously filed a motion to dismiss in this case, which the Court granted. Counts One (claims under § 1983) and Two (claims under the New Jersey Constitution and the New Jersey Civil Rights Act) were dismissed as to the Atlantic City Police Department and the City of Atlantic City. [Docket Item 20 at 9 and 12.] The Court held that the Atlantic City Police Department was not a proper defendant and dismissed all counts against it with prejudice on that basis, and also ruled that Plaintiff had not sufficiently alleged a custom or policy of the City of Atlantic City to allow her to sustain Counts One and Two as to the City. [Id. at 29, 11-12.] Although Counts One and Two against the City of Atlantic City were dismissed without prejudice, Plaintiff does not here seek to revive them. [Docket Item 26.] The Court also dismissed without prejudice Counts One and Two as to Officer Catanio. [Docket Item 20 at 20.]

The Court also addressed Plaintiff's state tort claims. The Court dismissed with prejudice Plaintiff's state tort claims of negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress as untimely. [Docket Item 20 at 26.] Plaintiff's state tort claim of malicious

prosecution against the City Defendants was dismissed without prejudice. [Id. at 29.]

Plaintiff avers that she does not seek to revive all of her claims, nor even all those that were dismissed without prejudice (namely, Counts One and Two as to the City of Atlantic City and Officer Catanio and the state tort claim of malicious prosecution against the same). Rather, Plaintiff seeks only to revive her dismissed constitutional claims of false imprisonment and malicious prosecution (namely, Counts One and Two) against Officer Catanio. [Docket Item 26.] Nonetheless, inexplicably, Plaintiff's counsel lists these dismissed and time-barred claims against the City Defendants in the proposed Amended Complaint, even while disclaiming the intention to proceed against any City Defendants other than Officer Catanio. [Docket Item 22-4 at 5-9.] This Opinion seeks to untangle this example of deficient practice.

**B. Factual Background**

The Court recites the allegations as they are laid out in Plaintiff's Complaint and Plaintiff's Proposed First Amended Complaint ("Amended Complaint"). [Docket Items 22-2 and 22-4.][1]

---

[1] The facts alleged are drawn from Plaintiff's Complaint, Plaintiff's Proposed First Amended Complaint, and from undisputedly authentic documents upon which Plaintiff explicitly relies in her Complaint. See In re Rockefeller Ctr. Props., Inc., Sec. Litig., 184 F.3d 280, 287 (3d Cir. 1999). Because

4

For purposes of this motion, the Court must accept Plaintiff's allegations as true.

On October 17, 2014,[2] Plaintiff Lisa Geissler was a registered guest of the Borgata Hotel Casino and Spa. (Am. Compl. ¶ 9.) That evening, Plaintiff was in the Borgata's Lounge when, according to Plaintiff, Borgata employees wrongfully and falsely accused Plaintiff of stealing bottles of wine and demanded that she leave the Borgata's premises. (Id. ¶ 10.)

While forcibly escorting Plaintiff to her room in the Borgata to gather her belongings, Borgata employees reported to ACPD that Plaintiff was trespassing on the Borgata's premises. (Id. ¶¶ 11-12.) Defendant Officer Catanio of the ACPD responded to the Borgata employees' report and proceeded to the Borgata. (Id. ¶ 13.)

---

Plaintiff's Complaint explicitly refers to the summons issued by Officer Catanio, documents related to that matter submitted by Defendants are properly considered in connection with the pending motion to dismiss. Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)) ("[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.").
[2] According to the Complaint, the incident at issue occurred "on or about October 17, 2015." (Prop. First Am. Compl. ¶¶ 9-10.) However, the Court will consider October 17, 2014 the proper date of incident, as evidenced by the police report, which was attached as an exhibit to Defendants' previous Motion to Dismiss. [Docket Item 5.] The Court also refers to the fact that the Complaint states that all charges against Plaintiff were dismissed on April 7, 2015, a date prior to October 17, 2015. (Compl. ¶ 23.)

Plaintiff alleges in the Amended Complaint that, upon his arrival, Officer Catanio investigated the alleged theft and trespass "and was aware that Plaintiff and her friend, Barbara Sancilardi, were registered guests at the Borgata and had subsequently paid for the alleged stolen bottles of wine." (Id. ¶ 14.) Officer Catanio assisted escorting Plaintiff and Ms. Sancilardi to their room. (Id. ¶ 15.) While he was doing so, Plaintiff began recording the incident using the videorecorder function on her cell phone. (Id. ¶ 16.) Plaintiff and Officer Catanio subsequently argued about Plaintiff recording Officer Catanio, with Officer Catanio demanding Plaintiff stop recording, Plaintiff refusing, and Officer Catanio threatening to arrest her if she did not stop. (Id. ¶ 17-19.)

Borgata told Officer Catanio that Borgata would not be pressing charges for theft against Plaintiff because Ms. Sancilardi had already paid for the allegedly stolen bottles of wine. (Id. ¶ 20.)

Nevertheless, as he was physically escorting Plaintiff to her hotel room, Officer Catanio arrested and charged Plaintiff with defiant trespass allegedly without any probable cause, in retaliation for her refusal to stop recording the incident on video. (Id. ¶ 21.) Plaintiff was allegedly unlawfully detained for nearly ten hours before being released, and the criminal

complaint against her was dismissed on April 7, 2015 because "it lacked any legal bases." (Id. ¶ 22-23.)

### C. The Instant Motions

In substance if not in form in the Amended Complaint, Plaintiff seeks to assert solely against Officer Catanio constitutional claims under 42 U.S.C. § 1983 (Count One) and the New Jersey Civil Rights Act (Count Two). (Am. Compl. ¶¶ 24-30.) The Amended Complaint additionally asserts state law claims against the Borgata for malicious prosecution (Count Three), defamation (Count Four), negligence (Count Five), intentional infliction of emotional distress (Count Six) and negligent infliction of emotional distress (Count Seven). (Id. ¶¶ 31-46.)[3]

Plaintiff's original claims against the City Defendants were dismissed for various reasons, including (as to Counts One and Two) failure to state a claim upon which relief can be granted. [Docket Item 20 at 12-20.] The Court ordered that Plaintiff was permitted to file within thirty days a motion for leave to file an Amended Complaint curing the deficiencies noted

---

[3] While the Amended Complaint styles Count Three against "Borgata and the City Defendants" and Counts Five, Six, and Seven against "the Defendants," the Court previously dismissed Counts Five, Six, and Seven as against the City Defendants as time-barred and Count Three against the City Defendants for failure to state a claim. [Docket Item 20 at 26, 29.] Plaintiff does not add additional facts or allegations to support reviving Count Three as against the City Defendants and does not claim that she wishes to do so. [Docket Item 26.]

in the Court's Opinion. (Id. at 32.) Plaintiff timely filed the instant Motion to Amend, arguing that she had cured the deficiencies the Court noted in the original Complaint. [Docket Item 22.] Specifically, Plaintiff added factual allegations that, she alleges, tend to show that Officer Catanio lacked probable cause to arrest and charge her. [Docket Item 22-5 at 3.]

As their substantive response to Plaintiff's motion, the City Defendants filed their Cross Motion to Dismiss with Prejudice. [Docket Item 23.] They argue, first, that Plaintiff has not cured the relevant deficiencies, rendering the Amended Complaint futile; and, second, that the claims against the City Defendants should be dismissed with prejudice because Plaintiff should not be given a third bite at the apple. [Docket Item 23-2 at 6-8.]

**III. STANDARD OF REVIEW**

Under Fed. R. Civ. P. 15(a)(2), a party may amend its pleading with the court's leave, and "[t]he court should freely give leave when justice so requires." However, a district court may deny leave to amend when amendment would be futile. Smith v. Nat'l Collegiate Athletic Ass'n, 139 F.3d 180, 190 (3d Cir. 1998), rev'd on other grounds, 525 U.S. 459 (1999). An amendment

is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted. Id.; see also Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000). The decision to grant or deny leave to amend is largely within the discretion of the Court. Smith, 139 F.3d at 190.

In assessing "futility," the court applies the same standard of legal sufficiency as applies under Fed. R. Civ. P. 12(b)(6). Shane, 213 F.3d at 115. In other words, the amended complaint must be dismissed if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that the plaintiff has failed to set forth sufficient facts to state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012).

**IV. DISCUSSION**

The original complaint in this case claimed that Officer Catanio falsely imprisoned and maliciously prosecuted Plaintiff when he arrested and charged her with defiant trespass. [Docket Item 1 ¶¶ 16-22.] The Court previously dismissed these claims against Officer Catanio because the Complaint failed to make

9

sufficient allegations that Officer Catanio lacked probable cause to arrest Plaintiff, which is a necessary element of both claims. [Docket Item 20 at 12-20.][4] Plaintiff contends that the Amended Complaint's additional factual allegations supply grounds for her claim that Officer Catanio lacked probable cause to arrest Plaintiff. The Court agrees.

Officer Catanio charged Plaintiff with violating N.J.S.A. § 2C:18-3b(1), which states that "[a] person commits a petty disorderly persons offense if, knowing that he is not licensed or privileged to do so, he enters or remains in any place as to which notice against trespass is given by . . . actual communication to the actor . . . ." The statute also provides: "It is an affirmative defense to prosecution under this section that . . . [t]he structure was at the time open to members of the public and the actor complied with all lawful conditions imposed on access to or remaining in the structure; or . . . [t]he actor reasonably believed that the owner of the structure, or other person empowered to license access thereto, would have

---

[4] Plaintiff's false imprisonment claim was also dismissed by this Court because she did not allege that she had been detained or confined without legal authority. [Docket Item 20 at 13-14.] However, Plaintiff now alleges that she "was unlawfully detained for nearly ten (10) hours before being released." (Am. Compl. ¶ 22.) This allegation is enough to support this element of the false imprisonment claim.

licensed him to enter or remain . . . ." N.J.S.A. § 2C:18-3d(2) to (3).

### A. False Imprisonment

The Court previously ruled that Plaintiff's claim of false imprisonment did not state a claim for which relief could be granted because, by her recitation of the facts, Officer Catanio had probable cause to arrest her. The Court now finds that the claim for false imprisonment, as amended, may proceed.

As the Court stated previously:

> Under federal and New Jersey law, a plaintiff states a claim for false imprisonment by demonstrating that (1) she was detained and (2) the detention was unlawful. Accordingly, "'where the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest.'" . . . Probable cause exists when, based on the factual circumstances, a prudent person could believe that a particular suspect has committed or is committing an offense.

[Docket Item 20 at 13-14] (internal citations omitted).

Plaintiff alleges that Officer Catanio lacked probable cause to arrest her for defiant trespass because a reasonable officer in Officer Catanio's position would not have had a reasonable belief that Plaintiff was committing the offense of defiant trespass.

While the first Complaint stated, in effect, that Officer Catanio arrived at the Borgata, took the Borgata employees' complaint that Plaintiff was trespassing, and arrested her based

on that report, the Amended Complaint presents a different picture of what information was available to Officer Catanio at the time he arrested Plaintiff. Specifically, Plaintiff alleges that Officer Catanio investigated the employees' complaint and determined that Plaintiff and her friend were registered guests and that the allegedly stolen bottles of wine had been paid for. (Am. Compl. ¶ 14.) Officer Catanio then escorted Plaintiff and her friend to their room to gather their belongings, presumably so that Plaintiff and her friend could leave the Borgata as the Borgata employees were telling them to do. (Am. Compl. ¶ 15.) Borgata employees also informed Officer Catanio that Plaintiff's friend had paid for the wine and that the Borgata would not be pressing charges for theft. (Am. Compl. ¶ 20.)[5]

In light of these additional facts, the Court finds Plaintiff has pled that a reasonable officer in Officer Catanio's position would not have had probable cause to arrest Plaintiff for defiant trespass or another offense and supplied

---

[5] The Amended Complaint also states that Officer Catanio arrested Plaintiff because she would not stop recording him with her cell phone, and, in effect, that his arrest for Defiant Trespass was pretext. (Am. Compl. ¶¶ 16-19, 21.) Because the test for probable cause is an objective test that looks to what a reasonable officer in the same position would have been permitted to do and not what the actual arresting officer's subjective motivations were, Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982), the Court cannot consider these allegations when determining whether Officer Catanio had probable cause to arrest Plaintiff.

factual grounds that would make this claim plausible for purposes of surviving this Rule 12(b)(6) motion.

Defendants adopt the view that the additional factual allegations in the Amended Complaint do not change the fact that "Officer Catanio had a reasonable belief that probable cause existed to arrest Plaintiff for violating 2C:18-3b[,]" because "'the Borgata's employees . . . reported to Atlantic City Police Department that Plaintiff had committed theft and was trespassing.'" [Docket Item 23-2 at 6, citing Am. Compl. ¶ 12.] The Defendants seem to take the view, then, that once probable cause has been established, there is nothing that can erase it.

This is contrary to common sense as well as precedent. If an officer learns through investigation or happenstance that the premises upon which probable cause was based are not, in fact, true,[6] the officer no longer has probable cause. "[I]t is 'possible that following an arrest based on sufficient probable cause, circumstances might ensue or facts might become known . . . which would so undermine the reasonableness of an initial

---

[6] E.g., that what appeared to be crack cocaine in a baggie wasn't, see People v. Smith, 734 N.E.2d 1039, 1041 (App. Ct. Ill. 4th Dist. 2000); that a witness was bribed to implicate the defendant and has since recanted, see Pitman v. Ottehberg, No. 10-2538, 2015 WL 6445872, at *2, *7 (D.N.J. Oct. 23, 2015); or that an alleged burglar was actually the legal tenant's live-in boyfriend, see People v. Quarles, 410 N.E.2d 497, 498 (Ill. App. Ct. 3d Dist. 1980).

belief in the p[erson]'s guilt' underpinning probable cause for arrest as to make continued detention unjustified." Martinez v. Cnty. of Burlington, No. L-2890-11, 2014 WL 8580958, at *7 (Sup. Ct. App. Div. N.J. Apr. 15, 2015) (quoting Carollo v. Supermarkets General Corp., 597 A.2d 1105, 1108 (Sup. Ct. N.J. App. Div. 1991)). This is equally true before the arrest is actually carried out. See Baptiste v. J.C. Penney Co., 147 F.3d 1252 (10th Cir. 1998) (officer lacked probable cause and qualified immunity after arresting plaintiff for shoplifting where, despite allegations of store security guards, officer viewed videotape which supported plaintiff's denial of shoplifting); BeVier v. Hucal, 806 F.2d 123, 128 (7th Cir. 1986) ("A police officer may not close her or his eyes to facts that would help clarify the circumstances of an arrest"); Romero v. Fay, 45 F.3d 1472 (10th Cir. 1995) (probable cause standard of Fourth Amendment does not require investigating defendant's alleged alibi witnesses but does require "officers to reasonable interview witnesses readily available at the scene, investigate basic evidence, or otherwise inquire if a crime has been committed at all before invoking the power of warrantless arrest and detention").

While Officer Catanio may have had probable cause to arrest Plaintiff for defiant trespass when he arrived at the Borgata,

14

based on the report of the employees there, Plaintiff now alleges that he did not do so. Instead, he investigated the situation, and, importantly, helped escort Plaintiff and her friend "to their room to gather their belongings" as part of the eviction for defiant trespass. Reading the Amended Complaint in the light most favorable to the Plaintiff, the Amended Complaint alleges that Officer Catanio knew and had reason to know, before he arrested Plaintiff, that Plaintiff was a registered guest with a rented room at the Borgata and that Plaintiff was complying with the Borgata employees' directive to leave the hotel (inasmuch as she was going to that room to "gather [her] belongings").

Given those allegations, the Court is inclined to find that Plaintiff has sufficiently alleged a lack of probable cause to arrest her for defiant trespass. Sustaining the charge of defiant trespass requires that "notice against trespass" is given by "[a]ctual communication to the actor[]" who "enters or remains" in the place where such notice was given. N.J.S.A. 2C:18-3(b)(1). "[U]nder the 'remains' portion of the statute, a person who is privileged or licensed to enter onto property may be prosecuted for defiant trespass if he refuses to leave after he is told to do so. There, the duration of the incursion--how long he 'remains' unwelcome on the property--is a factor." State

v. Gibson, 218 N.J. 277, 288 (2014). Here, the available information alleged by Plaintiff to have been clear to Officer Catanio (and to any reasonable officer in his position) was that Plaintiff had been a lawful entrant to and occupant of the Borgata, because she had a rented room there, to which Officer Catanio was escorting her. Therefore, it was the "remains" portion of the statute that was applicable to her situation.

Reading the Amended Complaint in the light most favorable to Plaintiff, it is plausible that Plaintiff was not refusing to leave the Borgata, but rather was acquiescing to being escorted upstairs to gather her belongings and depart. There was not evidence before Officer Catanio at the time he arrested Plaintiff, based on the allegations in the Amended Complaint, that Plaintiff had refused or was refusing to leave. Accordingly, the Amended Complaint sufficiently alleges that Officer Catanio lacked probable cause to arrest Plaintiff for defiant trespass. Unlike the plaintiff in Feldman v. Comm'y Coll. of Allegheny, 85 F. App'x 821, 826 (3d Cir. 2004), it is plausible that Plaintiff here did not resemble a "defiant trespasser who refused to obey repeated requests by the owner's agents to leave." Unlike in the original Complaint, there are now sufficient facts in the Amended Complaint "concerning Officer Catanio's knowledge to infer a basis for Officer Catanio

16

to doubt the hotel employees' account that she was a trespasser refusing to leave the hotel upon demand." [Docket Item 20 at 18.]

The Court also finds that Plaintiff has sufficiently alleged facts tending to show that Officer Catanio (or a reasonable officer in his position) lacked probable cause to arrest her for a theft offense. The existence of probable cause is not offense-specific; if Officer Catanio had probable cause to arrest Plaintiff for <u>some</u> offense, even one he did not charge her with, he cannot be liable for false imprisonment. <u>See</u> <u>Devenpeck v. Alford</u>, 543 U.S. 146 (2004). Whether probable cause existed to arrest for some other offense remains to be explored during discovery.

The Court finds, however, that the Amended Complaint adequately alleges Officer Catanio's lack of probable cause to arrest Plaintiff for theft. While the Borgata's decision whether or not to press charges does not have an effect on an officer's reason to believe a crime has been committed, a reasonable officer does not have probable cause to think a theft offense has been committed where (1) as alleged here, it is undisputed that the property in question has been paid for to the satisfaction of the vendor, and (2), reading the Amended Complaint in the light most favorable to Plaintiff, the

allegation of theft was made and then recanted to the arresting officer before the arrest was made. Cf. Lusby v. T.G.& Y. Stores, Inc., 749 F.2d 1423 (10th Cir. 1984) (officers lacked probable cause to arrest shoplifting suspects where, contrary to store security guard's allegation, independent investigation--namely, asking cashier--would have shown that suspect paid for the item), rev'd on other grounds by City of Lawton v. Lusby, 474 U.S. 805 (1985).

Because the Amended Complaint sufficiently alleges that Officer Catanio lacked probable cause to arrest Plaintiff, the Court will grant Plaintiff's request to amend the complaint as to the claim of false imprisonment against Officer Catanio because such amendment would not be futile.

### B. Malicious Prosecution

Plaintiff has also sufficiently alleged a claim against Officer Catanio for malicious prosecution in violation of the Fourth Amendment. To prove a Fourth Amendment malicious prosecution claim, the plaintiff must show that

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

Johnson v. Knorr, 477 F.3d 75, 81-82 (3d Cir. 2007); see also Jeffreys v. McDonnell, No. 08-4681, 2009 WL 3756681, at *2 (D.N.J. Nov. 6, 2009).

"[I]n an appropriate case, malice may be inferred from a lack of probable cause." LoBiondo v. Schwartz, 970 A.2d 1007, 1025 (N.J. 2009).

Here, Plaintiff has cured the defect in the previous complaint with regard to probable cause, as discussed supra. Furthermore, the allegations that Officer Catanio became upset with her for recording him on her cell phone, threatened to arrest her for that reason, and in fact arrested her for that reason, also sufficiently allege that Officer Catanio acted maliciously or for a purpose other than bringing Plaintiff to justice. Plaintiff has also alleged that her criminal proceeding ended in her favor by dismissal and that she was deprived of her liberty for nearly ten hours.

In light of these facts as alleged in the Amended Complaint, the Court will grant leave to amend the Complaint to claim malicious prosecution by Officer Catanio, on the grounds that such an amendment would not be futile.

**V.  CONCLUSION**

For the foregoing reasons, the Court will grant Plaintiff's

Motion to Amend the Complaint and deny Defendants' Cross Motion to Dismiss with Prejudice. Because of the lack of clarity in the Proposed Amended Complaint about the date of the incident and which claims are currently active and being pursued by Plaintiff, Plaintiff is directed to prepare and file a Revised Amended Complaint within ten (10) days of the date of this Opinion and Order. Such Revised Amended Complaint shall recite the factual allegations included in the Proposed Amended Complaint upon which this Opinion was based; it shall be consistent with the directives of this Opinion and Order; and Plaintiff is further directed to check that the date of the incident is correct in the Amended Complaint to be filed and to include only those claims Plaintiff is currently pursuing and that have not been dismissed with prejudice previously by this Court. The Revised Amended Complaint shall not list the Atlantic City Police Department or the City of Atlantic City as defendants, as all claims against them were dismissed in the Opinion and Order of July 28, 2016 [Docket Items 20 and 21] and the proposed Amended Complaint does not assert new claims against them. The accompanying Order will be entered.

| | |
|---|---|
| **March 28, 2017** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | Chief U.S. District Judge |